UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James S. Strickland, # 271958, *aka James Stephen Strickland* <br> Plaintiff, <br><br> vs. <br><br> Nurse Gill, *Nurse Head*, <br> Nurse K. Moore, <br> Nurse, Dr. Palimam, <br><br> Defendants. | ) C/A No. 4:15-2304-JFA-TER <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

The Plaintiff, James S. Strickland (Plaintiff), proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at the Kirkland Correctional Institution (KCI), and files this action in forma pauperis under 28 U.S.C. § 1915. The complaint names various medical professionals and staff who have allegedly been involved with Plaintiff's treatment while incarcerated with the South Carolina Department of Corrections. Plaintiff claims he has received improper medical treatment, which have resulted in him "becoming" a diabetic and seeks monetary damages. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

**Pro Se and In Forma Pauperis Review**

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996). This review has

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2) (B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). See Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir.1995).

This Court is required to liberally construe pro se documents, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980). Even under this less stringent standard, however, the pro se complaint is subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

**Background**

Plaintiff states that beginning in approximately 2013 he was given the medication Seroquel,[2] which he alleges has caused him to have "full blown diabetes." (Doc. # 1 at p. 3). He alleges that the Defendants "[k]new that that medication would cause me to become a diabetic." Id.

**Discussion**

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) "some person has deprived him of a federal right", and (2) "the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). See also 42 U.S .C. § 1983; Monroe v. Pape, 365 U.S. 167, 171, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Court has also stated that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Estelle v. Gamble, 429 U.S. at 105. See also Jackson v. Fair, 846 F.2d 811, 817 (1st Cir.1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice"). In Lamb v. Maschner, 633 F.Supp. 351, 353 (D.Kan.1986), the district court ruled that the proper inquiry is whether the prisoner was provided any treatment, and that the prisoner's agreement or disagreement with the treatment is irrelevant.

If liberally construed, Plaintiff, in his Complaint, may be attempting to state a claim of

---

[2]Quetiapine (developed and marketed as Seroquel by AstraZeneca) is an atypical antipsychotic approved for the treatment of schizophrenia, bipolar disorder, and along with an antidepressant to treat major depressive disorder. See https://en.wikipedia.org/wiki/Quetiapine.

deliberate indifference to medical needs. However, Plaintiff's complaint clearly indicates that Plaintiff is receiving medical attention for his medical issues, including his diabetes. As such, Plaintiff's claim does not rise to the level of deliberate indifference to a serious medical need.

Plaintiff's allegations appear to assert an action for negligent or incorrect medical treatment. In fact, Plaintiff appears to be stating just such a claim, indicating that the Defendants have shown "gross negligence" in their choice of medical treatment.[3] (Complaint, page 2-5). However, negligence and mal-practice claims are not cognizable under 42 U.S.C. § 1983. See Estelle v. Gamble, 429 U.S. at 106 (negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983). As the factual allegations in Plaintiff's complaint fail to state a cognizable claim of deliberate indifference, and negligence is not actionable under § 1983, Plaintiff's case is subject to summary dismissal.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case without prejudice and without issuance of service of process. See Denton v. Hernandez, 504 U.S. at 31; Neitzke v. Williams, 490 U.S. at 324–25; Todd v. Baskerville 712 F.2d at 74.

Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 4, 2015
Florence, South Carolina

---

[3] It could be argued that a reasonable inference from Plaintiff's allegations is that the Defendants failed to inform him of an alleged side effect from the medication at issue. However, again, this may support a negligence claim, but does not rise to the level of a constitutional violation.

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).